**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 2, 2005
Decided May 16, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-2164

| | | |
|---|---|---|
| NOEL U. UDARBE, | | Petition for Review of |
| | *Petitioner*, | an Order of the Board of |
| | | Immigration Appeals |
| *v.* | | |
| | | No. A38-052-399 |
| ALBERTO R. GONZALES, | | |
| | *Respondent*. | |

**O R D E R**

Noel Udarbe, a native and citizen of the Philippines, has been a lawful permanent resident of the United States since his arrival in 1982. In 2001, Udarbe pled guilty and was convicted of battery in Indiana and sentenced to one year in jail. Finding that to be a conviction for an aggravated felony, the INS charged him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii). In the course of the removal proceedings, Udarbe admitted that he had been convicted but claimed that his conviction should not qualify as an aggravated felony. He argued that removing him under that provision violated his Fifth Amendment rights because if he had been convicted of the same crime in Illinois, the maximum sentence would have been 364 days, meaning that he would not have been convicted of a felony.

The immigration judge found Udarbe removable. Udarbe appealed, again admitting his conviction and sentence but repeating his equal protection argument. The Board of Immigration Appeals dismissed Udarbe's appeal, stating that it did not "have the authority to rule on the

constitutionality of the Act . . . ."  Udarbe filed a motion to reconsider, which the Board also denied.  Udarbe appeals that decision, arguing again that his constitutional rights were violated and that the Board erred in determining that it did not have the authority to rule on his constitutional claims.

Unfortunately for Udarbe, we don't have the authority to examine the merits of his constitutional argument, either.  On July 19, 2004, we issued an order explaining that, because Udarbe did not file a timely petition for review of the Board's initial decision, this appeal is limited to review of the Board's April 6, 2004, denial of Udarbe's motion to reconsider.  In that order, the Board stated simply that Udarbe "failed to show any particular errors of fact or law in our prior decision," noting that Udarbe instead simply repeated constitutional arguments the Board had previously considered.

In this appeal, Udarbe does not dispute the Board's contention that he failed to present any new facts or evidence in his motion for reconsideration.  Therefore, we find no error in the Board's order denying Udarbe's motion for reconsideration.  And, as we explained in our July 19 order, our review is limited to that decision, so we do not have jurisdiction to consider Udarbe's claim that the Board erred in its initial decision not to consider Udarbe's constitutional arguments. The petition to review the denial of the petition for reconsideration is therefore DENIED.